JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 115
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
BEACHBODY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

PSG (RZx)

BEACHBODY, LLC, a California
Limited Liability Company,

        Plaintiff,

    vs.

STEPHANIE JOHANNES, an
Individual, and Does 1-10, Inclusive,

        Defendants.

Case No.  CV11-01148

**COMPLAINT FOR DAMAGES:**

(1) **FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/Lanham Act §32(a)]**
(2) **FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. §501(a)];**
(3) **FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION [15 U.S.C. §1125(a)/Lanham Act §43(a)];**
(4) **TRADEMARK DILUTION [15 U.S.C. §1125(c)];**
(5) **UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200];**

COPY

(6) **UNFAIR COMPETITION**
    **(California Common Law); and**
(7) **UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff BEACHBODY, LLC (hereinafter "Plaintiff"), to hereby file its Complaint against STEPHANIE JOHANNES, and Does 1-10, inclusive (collectively "Defendants").

## PARTIES

1.     Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a California Limited Liability Company, duly authorized and licensed to conduct business in California, with its principal place of business in California.

2.     Plaintiff is informed and believes that STEPHANIE JOHANNES is now, and was at the time of the filing of this Complaint and at all intervening times, an individual residing at 9071 W. Swan Circle, Brentwood, MO 63144.

3.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as Does 1-10, inclusive, are unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious names.   When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

4.     Plaintiff further alleges that STEPHANIE JOHANNES, and Does 1-10, inclusive, sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendants upon the causes of action hereinafter set forth.

5.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein STEPHANIE JOHANNES, and Does 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the

1    acts of each Defendant, as alleged herein, were performed within the course and
2    scope of that agency, service or employment.

3                           **JURISDICTIONAL ALLEGATIONS**

4          6.    This Court has Federal subject matter jurisdiction over this matter
5    pursuant to 28 U.S.C. §§1331 and 1338(a) and (b), in that the case arises out of
6    claims for trademark infringement, false designation of origin, unfair competition
7    and dilution under the Lanham Act (15 *U.S.C.* §1051 *et seq.*), and copyright
8    infringement under 17 U.S.C. §501(a); and this Court has supplemental jurisdiction
9    pursuant to 28 U.S.C. §§1367(a) and 1338 (a)(b).

10         7.    Venue is proper, *inter alia*, pursuant to 28 U.S.C. §1391(b) because
11   on information and belief, a substantial part of the events or omissions giving rise
12   to the claim occurred in this judicial district, and has caused damages to Plaintiff in
13   this district.

14         8.    Personal jurisdiction exists over Defendants because on information
15   and belief, Defendants conduct business in California and in this judicial district,
16   have purposefully directed action to California and this district, or have otherwise
17   availed themselves of the privileges and protections of the laws of the State of
18   California, such that this Court's assertion of jurisdiction over Defendants does not
19   offend traditional notions of fair play and due process.

20                            **GENERAL ALLEGATIONS**

21                  **Plaintiff and its Well-Known Fitness Products**

22         9.    Plaintiff is a health, wellness and fitness company involved in, among
23   other things, the development, production, sale, and distribution of in-home fitness,
24   weight loss, and health products.   One of the main components of Plaintiff's
25   business encompasses the production, sale and distribution of its BEACHBODY®
26   family of fitness DVDs and kits, including its famous P90X® Extreme Home
27   Fitness fitness DVDs and kits. Plaintiff's BEACHBODY®- and P90X®-branded
28   products and services have achieved great success since their introduction in 1999

1 | and 2003, respectively.

2 |     10.   The success of Plaintiff's BEACHBODY and P90X products and
3 | services is due in part to Plaintiff's marketing and promotional efforts. These
4 | efforts include advertising and promotion through Plaintiff's websites, print and
5 | other internet-based advertising, in-person and televised promotional appearances
6 | by its trainers, and its infomercials, among other efforts. Plaintiff has spent
7 | substantial time, money and effort in building up and developing consumer
8 | recognition, awareness and goodwill in its BEACHBODY and P90X products,
9 | services and marks. For example, Plaintiff has spent close to one hundred million
10 | dollars ($100,000,000.00) to air its television infomercials in 2009 alone. On each
11 | P90X Extreme Home Fitness kit, in each infomercial, and in each piece of
12 | marketing material for P90X products, both the P90X® and BEACHBODY®
13 | marks are displayed.

14 |     11.   The success of the P90X DVDs, kits and other products and services
15 | is not due to the Plaintiff's promotional efforts alone. Rather, the popularity of
16 | P90X is also due to its consumers, and the word of mouth buzz consumers have
17 | generated. Success stories of countless individuals who have utilized P90X to help
18 | achieve their respective fitness goals are far too numerous to recount, but include
19 | stories from all types of people ranging from your average men and women in
20 | almost all age groups, to well-trained professional athletes and celebrities looking
21 | to stay fit and in shape. In fact, a wide array of newspapers, magazines and
22 | television networks has featured stories in which prominent celebrities and
23 | professional athletes have enthusiastically described their experience and success
24 | with the P90X Extreme Home Fitness Kit.

25 |     12.   As a result of Plaintiff's efforts, the quality of Plaintiff's products, and
26 | the promotion and word of mouth buzz, the BEACHBODY® and P90X® marks
27 | and the BEACHBODY® and P90X® DVDs, products, and services have been
28 | prominently placed in the minds of the public. Consumers, purchasers and the

1 members of the public have become familiar with the Plaintiff's fitness DVDs and
2 other products and services, and have come to recognize the BEACHBODY and
3 P90X marks, products and services and associate them exclusively with Plaintiff –
4 Plaintiff has acquired a valuable reputation and goodwill among the public as a
5 result of such association. Indeed, the BEACHBODY and P90X marks are famous
6 in the United States.

7     13.   In addition to the above, Plaintiff also owns or otherwise controls
8 copyrights in and related to the P90X Extreme Home Fitness kit. Plaintiff's rights
9 protect the entirety of the kit as well as the many works therein.

10     14.   While Plaintiff has gained significant common law trademark and
11 other rights in its BEACHBODY and P90X products and services though its use,
12 advertising and promotion, Plaintiff has also protected its valuable rights by filing
13 for and obtaining federal trademark and copyright registrations.

14     15.   For example, Plaintiff owns the following United States Trademark
15 Registrations for the "P90X" marks: U.S. Reg. Nos. 2843063; 2973356; 3444723,
16 and 3669400. These are attached hereto as Exhibits A - D.

17     16.   Similarly, Plaintiff owns the following U.S. trademark registrations
18 for its BEACHBODY related marks: U.S. Reg. Nos. 2862904; 3450708; 2873866;
19 and 2665151. These are attached hereto as Exhibits E - H.

20     17.   Plaintiff also owns several United States Copyright Registrations
21 relating to its P90X fitness DVDs and products. For example, Plaintiff owns the
22 following: Certificate of Registration number PA 0001324687; TX 0006569236;
23 PA 0001606153; and PA 0001609963. These are attached hereto as Exhibits I – L.

24     18.   Plaintiff has never authorized or consented to the use of
25 BEACHBODY®, P90X® or any confusingly similar marks by Defendants; nor
26 has Plaintiff authorized Defendants to manufacture, copy, sell, or distribute any
27 BEACHBODY or P90X product.

28 / / /

1

**Defendants' Wrongful and Infringing Conduct**

2      19.   Particularly in light of the success of Plaintiff and Plaintiff's products
3  as well as the reputation they have gained, Plaintiff and its products have become
4  targets for unscrupulous individuals and entities who wish to take a free ride on
5  both the goodwill, reputation and fame Plaintiff has spent considerable effort to
6  build up in its products and marks, and the works embodied in Plaintiff's fitness
7  products.

8      20.   A large number of these individuals and entities deal in pirated and
9  counterfeit BEACHBODY®-branded DVDs and other products and services,
10  including the famous P90X® Extreme Home Fitness products. Their actions vary
11  and include manufacturing, copying, exporting, importing, advertising, promoting,
12  selling, and distributing counterfeit and otherwise unauthorized products.

13      21.   Plaintiff investigates and enforces against such activity, and through
14  such efforts learned of Defendants, and Defendants' actions, advertising, sales and
15  infringing conduct. On February 17, 2010, Plaintiff purchased a counterfeit P90X
16  Extreme Home Fitness Kit from Defendants, for a cost of $98.75 charged to the
17  PayPal electronic payment account of Plaintiff's investigator. A true and correct
18  copy of the website purchase receipt is attached hereto as Exhibit M.

19      22.   The product purchased from Defendants was inspected to determine
20  authenticity.   The inspection of the purchased item confirmed that the item
21  Defendants sold to the investigator was in fact a counterfeit and unauthorized
22  P90X Extreme Home Fitness Kit.

23      23.   By these sales – and, on information and belief, Defendants other
24  dealings in counterfeit product (including importing, advertising, displaying,
25  distributing, selling and/or offering to sell counterfeit and unauthorized product) –
26  Defendants violate Plaintiff's exclusive rights in its copyrighted material, and use
27  images and marks that are confusingly similar to, identical to, and/or constitute
28  counterfeit reproductions of Plaintiff's trademarks to confuse consumers and aid in

1  the promotion and sales of its unauthorized product.  Defendants' conduct and use
2  began long after Plaintiff's adoption and use of its BEACHBODY and P90X
3  trademarks, after Plaintiff obtained the copyright and trademark registrations
4  alleged above, and after Plaintiffs marks became famous.  Indeed, Defendants had
5  knowledge of Plaintiff's ownership of the marks, and of the fame in such marks,
6  prior to the actions alleged herein, and adopted them in bad faith and with an intent
7  to cause confusion and dilute Plaintiff's marks.   Neither Plaintiff nor any
8  authorized agents have consented to Defendants' use of Plaintiff's BEACHBODY
9  or P90X trademarks.

10      24.    Defendants' actions were committed in bad faith and with the intent to
11  dilute Plaintiff's marks, and to cause confusion and mistake, and to deceive the
12  consuming public and the public at large as to the source, sponsorship and/or
13  affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods.
14  By its wrongful conduct, Defendants have traded upon and diminished Plaintiff's
15  goodwill.

16      25.    In committing these acts, Defendants have, among other things,
17  willfully and in bad faith committed the following, all of which has and will
18  continue to cause irreparable harm to Plaintiff:  (i) infringed and diluted Plaintiff's
19  rights in the BEACHBODY and P90X marks; (ii) infringed Plaintiff's copyrights;
20  (iii) applied counterfeit marks; (iv) misled the public into believing there is an
21  association or connection between Defendants and Plaintiff and/or the products
22  advertised and sold by Defendants and Plaintiff; (v) used false designations of
23  origin on or in connection with its goods and services; (vi) committed unfair
24  competition; (vii) and unfairly profited from such activity.   Unless enjoined,
25  Defendants will continue to cause irreparable harm to Plaintiffs.

26  / / /
27  / / /
28  / / /

# FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks Against STEPHANIE JOHANNES, and Does 1-10, Inclusive)**

**[15 U.S.C. §1114/Lanham Act §32(a)]**

26. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs 1-25.

27. Plaintiff has continuously used its BEACHBODY® and P90X® marks in interstate commerce since at least as early as 1999 and 2003, respectively.

28. Plaintiff, as the owner of all right, title and interest in and to the BEACHBODY and P90X marks, has standing to maintain an action for trademark infringement under the Trademark Statute 15 U.S.C. §1114.

29. Defendants are and at the time of their actions complained of herein were actually aware that Plaintiff is the registered trademark holder of the P90X and BEACHBODY marks. (*See* Exhibits A - L).

30. Defendants did not and failed to obtain the consent or authorization of Plaintiff as the registered owner of the marks to deal in and commercially distribute, market and sell P90X fitness DVDs and kits bearing Plaintiff's BEACHBODY and P90X marks into the stream of commerce.

31. Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's registered marks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit P90X fitness DVDs and kits bearing the P90X and BEACHBODY marks.

32. Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered P90X and BEACHBODY marks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in

- 8 -
COMPLAINT FOR DAMAGES

1  commerce upon or in connection with the sale, offering for sale, distribution,
2  and/or advertising of goods.  Defendants thereupon offered, advertised, promoted,
3  retailed, sold, and distributed counterfeit P90X fitness DVDs and kits bearing the
4  P90X and BEACHBODY and marks.

5      33.    Defendants' egregious and intentional use and sale of fake, pirated
6  and counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or
7  to cause mistake, or to deceive, mislead, betray, and defraud consumers who
8  believe that Defendants' items are authentic products manufactured by Plaintiff.

9      34.    Defendants' acts have been committed with knowledge of Plaintiff's
10  exclusive rights and goodwill in the marks, as well as with bad faith and the intent
11  to cause confusion or to cause mistake and to deceive.

12      35.    Plaintiff has suffered and will continue to suffer substantial and
13  irreparable injury, loss and damage to its rights in and to the BEACHBODY and
14  P90X marks and the goodwill associated therewith, for which it has no adequate
15  remedy at law; thus Plaintiff requests injunctive relief.

16      36.    Defendants' continued and knowing use of Plaintiff's  marks without
17  Plaintiff's  consent  or  authorization  constitutes  intentional  infringement  of
18  Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham*
19  *Act*, 15 *U.S.C.* §1114.  Based on such conduct, Plaintiff is entitled to injunctive
20  relief as well as monetary damages, and other remedies provided by section 1116,
21  1117, and 1118, including Defendants' profits, treble damages, reasonable
22  attorneys' fees, costs and prejudgment interest.

23              **SECOND CAUSE OF ACTION**

24  **(Federal Copyright Infringement Against STEPHANIE JOHANNES, and**

25              **Does 1-10, Inclusive)**

26              **[17 U.S.C. §501(a)]**

27      37.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs
28  1-36.

1    38.    Plaintiff is the exclusive owner of copyrights in and related to its
2  P90X fitness DVDs and kits and possesses copyright registrations with the United
3  States Copyright Office relating to the same, including U.S. Copyright Registration
4  Numbers PA 0001324687, TX 0006569236, PA 0001606153, and PA 0001609963.
5  (*See* Exhibits A-L).

6    39.    Defendants did not seek and failed to obtain Plaintiff's consent or
7  authorization to utilize, manufacture, reproduce, copy, display, prepare derivative
8  works, distribute, sell, transfer, rent, perform, and/or market Plaintiff's copyright-
9  protected materials.

10    40.    Without permission, Defendants intentionally and knowingly
11  reproduced, counterfeited, copied, displayed, and/or manufactured Plaintiff's
12  protected works by offering, advertising, promoting, retailing, selling, distributing
13  counterfeit P90X fitness DVDs and kits which are at a minimum substantially
14  similar to Plaintiff's copyright protected works.

15    41.    Defendants' acts as alleged herein, constitute infringement of
16  Plaintiff's copyright, including Plaintiff's exclusive rights to reproduce, distribute
17  and/or sell such protected material.

18    42.    Defendants' knowing and intentional copyright infringement as
19  alleged herein has caused and will continue to cause substantial and irreparable
20  harm to Plaintiff and has and will continue to cause damage to Plaintiff. Plaintiff
21  is therefore entitled to injunctive relief, damages, Defendants' profits, increased
22  damages, and reasonable attorney's fees and costs.

23                    **THIRD CAUSE OF ACTION**
24  **(False Designation of Origin & Unfair Competition Against STEPHANIE**
25                **JOHANNES, and Does 1-10, Inclusive)**
26                **[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

27    43.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs
28  1-42.

1      44.    Plaintiff, as the owner of all common law right, title, and interest in
2  and to the BEACHBODY and P90X marks, has standing to maintain an action for
3  false designation of origin and unfair competition under the Federal Trademark
4  Statute, Lanham Act section 43(a) (15 U.S.C. §1125). Plaintiff's BEACHBODY
5  and P90X marks are inherently distinctive and/or have acquired distinctiveness.

6      45.    Defendants have without authorization, on or in connection with its
7  goods and services, used in commerce marks that are confusingly similar to the
8  BEACHBODY and P90X marks, and/or has made false designations of origin
9  which are likely to cause confusion or cause mistake or to deceive as to the
10  affiliation, connection or association of Defendants with Plaintiff, and/or as to the
11  origin, sponsorship or approval of Defendants' goods or services or commercial
12  activities.

13      46.    Defendants' conduct described above violates the Lanham Act, and
14  Defendants have unfairly competed with and injured and, unless immediately
15  restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an
16  amount to be determined at trial, and will cause irreparable injury to Plaintiff's
17  goodwill and reputation associated with the value of Plaintiff's mark.

18      47.    On information and belief, the conduct of Defendants has been
19  knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to
20  deceive and in blatant disregard of Plaintiff's rights.

21      48.    Defendants knew or by the exercise of reasonable care should have
22  known that their adoption and commencement of use in commerce and continuing
23  use of marks that are confusingly similar to and constitute a counterfeit
24  reproduction of Plaintiff's marks would cause confusion, mistake, or deception
25  among purchasers, users and the public.

26      49.    Defendants' egregious and intentional use and sale of fake, pirated
27  and counterfeit items bearing Plaintiff's trademarks unfairly competes with
28  Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray,

1 | and defraud consumers to believe that the substandard imitations are genuine P90X
2 | DVDs or kits.

3 | 50. Defendants' continuing and knowing use of Plaintiff's mark
4 | constitutes false designation of origin and unfair competition in violation of
5 | Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiff to suffer
6 | substantial and irreparable injury for which it has no adequate remedy at law.

7 | 51. Defendants' wrongful conduct has permitted or will permit it to make
8 | substantial sales and profits on the strength of Plaintiff's marketing, advertising,
9 | sales and consumer recognition. As a direct and proximate result of Defendants'
10 | wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of
11 | sales of its P90X product in an amount as yet unknown but to be determined at
12 | trial, and has been deprived and will be deprived of the value of its marks as
13 | commercial assets in an amount as yet unknown but to be determined at trial.
14 | Plaintiff seeks an accounting of Defendants' profits, and requests that the Court
15 | grant Plaintiff three times that amount in the Court's discretion.

16 | 52. Based on Defendants' wrongful conduct, Plaintiff is entitled to
17 | injunctive relief as well as monetary damages, and other remedies as provided by
18 | the Lanham Act, including Defendants' profits, treble damages, reasonable
19 | attorneys' fees, costs and prejudgment interest.

20 | **FOURTH CAUSE OF ACTION**

21 | **(Dilution Against STEPHANIE JOHANNES, and Does 1-10, Inclusive)**

22 | **[15 U.S.C. §1125(c)]**

23 | 53. Plaintiff repeats and re-alleges every allegation set forth in Paragraphs
24 | 1-52.

25 | 54. Plaintiff's BEACHBODY® and P90X® marks are distinctive and
26 | famous within the meaning of the Lanham Act.

27 | 55. Upon information and belief, Defendants' unlawful actions began
28 | long after Plaintiff's mark became famous, and Defendants acted knowingly,

1  deliberately and willfully with the intent to trade on Plaintiff's reputation and to
2  dilute Plaintiff's mark. Defendants' conduct is willful, wanton and egregious.

3      56.    Defendants' intentional sale of fake, pirated and counterfeit items
4  bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive,
5  mislead, betray, and defraud consumers to believe that the substandard imitations
6  are genuine P90X Extreme Home Fitness kits. The actions of Defendants
7  complained of herein have diluted and will continue to dilute Plaintiff's marks, and
8  are likely to impair the distinctiveness, strength and value of Plaintiff's marks, and
9  injure the business reputation of Plaintiff and its marks.

10     57.    Defendants' acts have caused and will continue to cause Plaintiff
11  irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully
12  for the damages that have been caused and which will continue to be caused by
13  Defendants' unlawful acts, unless they are enjoined by this Court.

14     58.    As the acts alleged herein constitute a willful violation of section
15  43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to
16  injunctive relief as well as monetary damages and other remedies provided by 15
17  U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, treble
18  damages, reasonable attorney's fees, costs and prejudgment interest.

19                        **FIFTH CAUSE OF ACTION**
20  **(Unlawful, Unfair, Fraudulent Business Practices Against STEPHANIE**
21                 **JOHANNES, and Does 1-10, Inclusive)**
22          **[*California Business & Professions Code* §17200 *et seq.*]**

23     59.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs
24  1-58.

25     60.    By marketing, advertising, promoting, selling and/or otherwise
26  dealing in the counterfeit P90X product, Defendants have engaged in unfair
27  competition including unlawful, unfair and fraudulent business practices in
28  violation of the California Business and Professions Code §17200 *et seq.*

61.     Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit P90X product is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public. Defendants' conduct was intended to cause such loss, damage and injury.

62.     Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

63.     By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiffs marks and products, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff's in its marks.

64.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

65.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition. As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to

1  be determined at trial.  Plaintiff seeks restitution in this matter, including an order

2  granting Defendants' profits stemming from its infringing activity, and its actual

3  and/or compensatory damages.

4      66.    Plaintiff has no adequate remedy at law for Defendants' continuing

5  violation of its rights set forth above.  Plaintiff seeks injunctive relief.

6      67.    Plaintiff further requests a court order that an asset freeze or

7  constructive trust be imposed over all monies in Defendants' possession which

8  rightfully belong to Plaintiff.

9                         **SIXTH CAUSE OF ACTION**

10    **(Unfair Competition Against STEPHANIE JOHANNES, and Does 1-10,**

11                                  **Inclusive)**

12                         **[California Common Law]**

13     68.    Plaintiff repeats and re-alleges every allegation set forth in Paragraphs

14  1-67.

15     69.    By marketing, advertising, promoting, selling and/or otherwise

16  dealing in the counterfeit P90X product, Defendants have engaged in unfair

17  competition including unlawful, unfair and fraudulent business practices in

18  violation of the common law of the State of California.

19     70.    Defendants' marketing, advertising, promoting, selling and/or

20  otherwise dealing in the counterfeit P90X product is in violation and derogation of

21  Plaintiff's rights and is likely to cause confusion, mistake and deception among

22  consumers and the public as to the source, origin, sponsorship, or quality of the

23  goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the

24  purchasing public.  Defendants' conduct was intended to cause such loss, damage

25  and injury.

26     71.    Defendants knew or by the exercise of reasonable care should have

27  known that their marketing, advertising, promoting, selling and/or otherwise

28  dealing in and their continuing marketing, advertising, promoting, selling and/or

1    otherwise dealing in the counterfeit product would cause confusion mistake or
2    deception among purchasers, users and the public.

3        72.   By marketing, advertising, promoting, selling and/or otherwise
4    dealing in and their continuing marketing, advertising, promoting, selling and/or
5    otherwise dealing in counterfeit versions of Plaintiffs marks and products,
6    Defendants intended to and did induce and intends to and will induce customers to
7    purchase its products by trading off the extensive goodwill built up by Plaintiff's in
8    its marks.

9        73.   Upon information and belief, the conduct of Defendants has been
10    knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to
11    deceive, and in disregard of Plaintiff's rights.

12        74.   Defendants' wrongful conduct, as alleged above, has permitted and
13    will permit them to make substantial sales and profits on the strength of Plaintiff's
14    nationwide marketing, advertising, sales and consumer recognition. As a direct
15    and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff
16    has been and will be deprived of substantial sales of its products in an amount as
17    yet unknown but to be determined at trial, and has been and will be deprived of the
18    value of its trademarks as commercial assets, in an amount as yet unknown but to
19    be determined at trial. Plaintiff seeks an order granting Defendants' profits
20    stemming from its infringing activity, and its actual and/or compensatory damages.

21        75.   Plaintiff has no adequate remedy at law for Defendants' continuing
22    violation of its rights set forth above. Plaintiff seeks preliminary and permanent
23    injunctive relief.

24        76.   Plaintiff seeks exemplary or punitive damages for Defendants'
25    intentional misconduct.

26    / / /
27    / / /
28    / / /

1

## SEVENTH CAUSE OF ACTION

2
### (Unjust Enrichment Against STEPHANIE JOHANNES, and Does 1-10,

3
### Inclusive)

4      77.     Plaintiff repeats and re-alleges every allegation set forth in Paragraphs

5  1-76.

6      78.     By virtue of the egregious and illegal acts of Defendants as described

7  above, Defendants have been unjustly enriched in an amount to proven at trial.

8      79.     Defendants' retention of monies gained through its deceptive business

9  practices, infringement, acts of counterfeit and otherwise would serve to unjustly

10  enrich Defendants and would be contrary to the interests of justice.

11      **WHEREFORE**, Plaintiff BEACHBODY, LLC, prays for judgment against

12  Defendant STEPHANIE JOHANNES, and Does 1-10, inclusive, and each of them,

13  as follows:

14      A. For an award of Defendants' profits and Plaintiff's damages in an amount

15          to be proven at trial for trademark infringement under 15 U.S.C.

16          §1114(a);

17      B. For an award of Defendants' profits and Plaintiff's damages in an amount

18          to be proven at trial for copyright infringement under 17 U.S.C. §501(a);

19      C. For an award of Defendants' profits and Plaintiff's damages in an amount

20          to be proven at trial for false designation of origin and unfair competition

21          under 15 U.S.C. §1125(a);

22      D. For an award of Defendants' profits and Plaintiff's damages in an amount

23          to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

24      E. In the alternative to actual damages and Defendants' profits for the

25          infringement and counterfeiting of Plaintiff's trademark pursuant to the

26          Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c),

27          which election Plaintiff will make prior to the rendering of final

28          judgment;

F. In the alternative to actual damages and Defendants' profits pursuant to 17 U.S.C. §504(b), for statutory damages pursuant to 17 USC §504(c), which election Plaintiff will make prior to the rendering of final judgment;

G. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

H. For damages to be proven at trial for common law unfair competition;

I. For an injunction by this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; acts of copyright infringement; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

J. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

K. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiff;

L. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118 and 17 USC §503;

M. For treble damages suffered by Plaintiff as a result of the willful and

1  intentional infringements and acts of counterfeiting engaged in by
2  Defendants, under 15 U.S.C. §1117(b);

3  N. For damages in an amount to be proven at trial for unjust enrichment;

4  O. For an award of exemplary or punitive damages in an amount to be
5  determined by the Court;

6  P. For Plaintiff's reasonable attorney's fees;

7  Q. For all costs of suit;

8  R. For such other and further relief as the Court may deem just and
9  equitable.

10  ### DEMAND FOR JURY TRIAL

11  Plaintiff BEACHBODY, LLC, respectfully demands a trial by jury in this
12  action.

13

14  DATED: February 4, 2011                    JOHNSON & PHAM, LLP

15

16

17  By: _____
     Christopher D. Johnson, Esq.
18   Christopher Q. Pham, Esq.
     Marcus F. Chaney, Esq.
19   Attorneys for Plaintiff
20   BEACHBODY, LLC

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT B

Int. Cl.: 41

Prior U.S. Cls.: 100, 101, and 107

Reg. No. 2,973,356

United States Patent and Trademark Office

Registered July 19, 2005

## SERVICE MARK
## PRINCIPAL REGISTER



PRODUCT PARTNERS, LLC (CALIFORNIA LTD LIAB CO)
8383 WILSHIRE BLVD., SUITE 1050
BEVERLY HILLS, CA 90211

FOR: EDUCATIONAL SERVICES, NAMELY IN-STRUCTION IN THE USE OF EXERCISE EQUIP-MENT AND DIET PROGRAMS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 7-0-2003; IN COMMERCE 7-0-2003.

OWNER OF U.S. REG. NOS. 2,594,003 AND 2,630,688.

SN 78-255,848, FILED 5-29-2003.

BARBARA GAYNOR, EXAMINING ATTORNEY

# EXHIBIT C

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 3,444,723
Registered June 10, 2008

## TRADEMARK
## PRINCIPAL REGISTER

# P90X

PRODUCT PARNTERS, LLC (CALIFORNIA LTD LIAB CO)
SUITE 1050
8383 WILSHIRE BLVD.
BEVERLY HILLS, CA 90211

FOR: PRE-RECORDED VIDEO TAPES, CAS-SETTES, DVDS, AND CDS, FEATURING EXERCISE, FITNESS AND DIETARY INFORMATION AND INSTRUCTION, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 2-18-2003; IN COMMERCE 2-18-2003.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,843,063, 2,869,491 AND OTHERS.

SER. NO. 77-298,721, FILED 10-8-2007.

REBECCA GILBERT, EXAMINING ATTORNEY

# EXHIBIT D

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 3,669,400
Registered Aug. 18, 2009

## TRADEMARK
## PRINCIPAL REGISTER



PRODUCT PARTNERS LLC (CALIFORNIA LIM-
ITED LIABILITY COMPANY)
THIRD FLOOR
3301 EXPOSITION BLVD.
SANTA MONICA, CA 90404

FOR: PRE-RECORDED VIEO TAPES, CAS-
SETTES, DVDS AND CDS FEATURING EXERCISE,
FITNESS AND DIETARY INFORMATION AND
INSTRUCTION, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 7-21-2003; IN COMMERCE 7-21-2003.

OWNER OF U.S. REG. NOS. 2,843,063, 3,444,723
AND OTHERS.

THE MARK CONSISTS OF "P90X" IN BLOCK
LETTERS.

SER. NO. 77-714,401, FILED 4-15-2009.

JOHN GARTNER, EXAMINING ATTORNEY

# EXHIBIT E

Int. Cls.: **5, 9 and 41**

Prior U.S. Cls.: **6, 18, 21, 23, 26, 36, 38, 44, 46, 51, 52, 100, 101 and 107**

Reg. No. 2,862,904

**United States Patent and Trademark Office**   Registered July 13, 2004

## TRADEMARK
## SERVICE MARK
### PRINCIPAL REGISTER

## BEACHBODY

PRODUCT PARTNERS, LLC (CALIFORNIA LIM-
ITED LIABILITY CORPORATION)
8383 WILSHIRE BOULEVARD SUITE 1050
BEVERLY HILLS, CA 90211

FOR: MEAL REPLACEMENT PROTEIN BARS,
DIETARY SUPPLEMENTS AND DIET AIDS, NAME-
LY VITAMINS AND MINERAL SUPPLEMENTS, IN
CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

FOR: PRE-RECORDED VIDEO TAPES, CAS-
SETTES, DVDS, AND CDS, FEATURING EXERCISE,
FITNESS AND DIETARY INFORMATION AND
INSTRUCTION, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36
AND 38).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

FOR: EDUCATIONAL SERVICES, NAMELY IN-
STRUCTION IN THE FIELDS OF EXERCISE EQUIP-
MENT, FITNESS EXERCISE, AND DIET AND
NUTRITION PROGRAMS , IN CLASS 41 (U.S. CLS.
100, 101 AND 107).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

OWNER OF U.S. REG. NO. 2,665,151.

SER. NO. 78-280,327, FILED 7-29-2003.

MARC LEIPZIG, EXAMINING ATTORNEY

# EXHIBIT F

Int. Cls.: 38, 41, and 44

Prior U.S. Cls.: 100, 101, 104, and 107

Reg. No. 3,450,708

United States Patent and Trademark Office    Registered June 17, 2008

## SERVICE MARK
## PRINCIPAL REGISTER

# BEACHBODY

PRODUCT PARTNERS, LLC (CALIFORNIA LTD LIAB CO)
SUITE 1050
8383 WILSHIRE BLVD.
BEVERY HILLS, CA 90211

FOR: PROVIDING ON-LINE ELECTRONIC BUL-LETIN BOARDS FOR TRANSMISSION OF MESSA-GES AMONG COMPUTER USERS CONCERNING EXERCISE; AUDIO AND VIDEO BROADCASTING SERVICES OVER THE INTERNET OR OTHER COMMUNICATIONS NETWORK, NAMELY, UP-LOADING, POSTING, SHOWING, DISPLAYING, TAGGING AND ELECTRONICALLY TRANSMIT-TING INFORMATION, AUDIO, AND VIDEO CLIPS; PROVIDING ACCESS TO INFORMATION, AUDIO, AND VIDEO VIA WEBSITES, ONLINE FORUMS, CHAT ROOMS, LISTSERVS AND BLOGS OVER THE INTERNET; PROVIDING ON-LINE CHAT ROOMS AND ELECTRONIC BULLETIN BOARDS FOR TRANSMISSION OF MESSAGES AMONG USERS IN THE FIELD OF GENERAL INTEREST, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 2-2-2004; IN COMMERCE 2-2-2004.

FOR: PROVIDING A WEB SITE FEATURING ON-LINE INSTRUCTION IN THE FIELD OF PHYSICAL EXERCISE AND NUTRITION AND TRACKING PROGRESS OF WORKOUTS; EDUCATIONAL SER-VICES AND ON-LINE EDUCATIONAL SERVICES, NAMELY, PROVIDING INSTRUCTION IN THE FIELDS OF EXERCISE EQUIPMENT, PHYSICAL EXERCISE AND NUTRITION, AND INSTRUC-TIONAL MATERIALS DISTRIBUTED IN CONNEC-TION THEREWITH; EDUCATIONAL SERVICES, NAMELY, TRACKING PROGRESS OF WORKOUTS FOR OTHERS; PROVIDING INFORMATION IN THE FIELD OF ENTERTAINMENT FEATURING INFORMATION ON REALITY BASED TELEVISION BY MEANS OF A GLOBAL COMPUTER NETWORK; ENTERTAINMENT SERVICES IN THE NATURE OF AN ON-GOING REALITY BASED TELEVISION PROGRAM; ENTERTAINMENT SERVICES, NAME-LY, PROVIDING A REALITY BASED TELEVISION PROGRAM VIA A GLOBAL COMPUTER NET-WORK; ENTERTAINMENT SERVICES, NAMELY, CONDUCTING CONTESTS; EDUCATION AND EN-TERTAINMENT SERVICES, NAMELY, PROVIDING A WEBSITE FEATURING AUDIO CLIPS, VIDEO CLIPS, MUSICAL PERFORMANCES, MUSICAL VI-DEOS, FILM CLIPS, PHOTOGRAPHS, OTHER MUL-TIMEDIA MATERIALS, AND INFORMATION IN THE FIELD OF AUDIO CLIPS, VIDEO CLIPS, MUSICAL PERFORMANCES, MUSICAL VIDEOS, FILM CLIPS, PHOTOGRAPHS, AND OTHER MUL-TIMEDIA MATERIALS; BLOGS FEATURING IN-FORMATION IN THE FIELD OF AUDIO CLIPS, VIDEO CLIPS, MUSICAL PERFORMANCES, MUSI-CAL VIDEOS, FILM CLIPS, PHOTOGRAPHS, AND OTHER MULTIMEDIA MATERIALS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

FOR: ONLINE DIET AND SUPPORT SERVICES, NAMELY, DIETARY AND NUTRITIONAL GUI-DANCE AND WEIGHT REDUCTION DIET PLAN-NING AND SUPERVISION, IN CLASS 44 (U.S. CLS. 100 AND 101).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,862,904, 3,078,168, AND OTHERS.

SN 77-265,117, FILED 8-27-2007.

FRED MANDIR, EXAMINING ATTORNEY

# EXHIBIT G

Int. Cls.: 5, 9 and 41

Prior U.S. Cls.: 6, 18, 21, 23, 26, 36, 38, 44, 46, 51, 52, 100, 101 and 107

## United States Patent and Trademark Office

Reg. No. 2,873,866
Registered Aug. 17, 2004

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER



PRODUCT PARTNERS, LLC (CALIFORNIA LIMITED LIABILITY CORPORATION)
8383 WILSHIRE BOULEVARD, SUITE 1050
BEVERLY HILLS, CA 90211

FOR: MEAL REPLACEMENT PROTEIN BARS, DIETARY SUPPLEMENTS AND DIET AIDS, NAMELY VITAMINS AND MINERAL SUPPLEMENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND 52).

FIRST USE 6-0-2003; IN COMMERCE 6-0-2003.

FOR: PRE-RECORDED VIDEO TAPES, DVDS, AND CDS, FEATURING EXERCISE, FITNESS AND DIETARY INFORMATION AND INSTRUCTION, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-0-2003; IN COMMERCE 6-0-2003.

FOR: EDUCATIONAL SERVICES, NAMELY INSTRUCTION IN THE FIELDS OF EXERCISE EQUIPMENT AND DIET PROGRAMS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-0-2003; IN COMMERCE 6-0-2003.

OWNER OF U.S. REG. NO. 2,665,151.

SER. NO. 76-529,764, FILED 7-14-2003.

MARC LEIPZIG, EXAMINING ATTORNEY

# EXHIBIT H

Int. Cls.: 5, 9 and 41

Prior U.S. Cls.: 6, 18, 21, 23, 26, 36, 38, 44, 46, 51, 52,
100, 101 and 107

Reg. No. 2,665,151

**United States Patent and Trademark Office**      Registered Dec. 24, 2002

## TRADEMARK
## SERVICE MARK
## PRINCIPAL REGISTER

## BEACH BODY

PRODUCT PARTNERS, LLC (CALIFORNIA LIM-
ITED LIABILITY COMPANY)
3340 OCEAN PARKWAY BLVD., SUITE 3040
SANTA MONICA, CA 90405

FOR: DIETARY SUPPLEMENTS AND DIET AIDS,
NAMELY VITAMINS AND MINERAL SUPPLE-
MENTS, IN CLASS 5 (U.S. CLS. 6, 18, 44, 46, 51 AND
52).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

FOR: PRE-RECORED VIDEO CASSETTES FEA-
TURING EXERCISE, FITNESS AND DIETARY IN-
FORMATION AND INSTRUCTION, IN CLASS 9
(U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

FOR: EDUCATIONAL SERVICE, NAMELY IN-
STRUCTION IN THE USE OF EXERCISE EQUIP-
MENT AND DIET PROGRAMS, IN CLASS 41 (U.S.
CLS. 100, 101 AND 107).

FIRST USE 5-10-1999; IN COMMERCE 5-10-1999.

SER. NO. 76-046,578, FILED 3-17-2000.

JEFF DEFORD, EXAMINING ATTORNEY

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Form TX**
For a Nondramatic Literary Work
UNITED STATES COPYRIGHT OFFICE

TX 6-569-236

EFFECTIVE DATE OF REGISTRATION

5   7   07
Month   Day   Year

RATE CONTINUATION SHEET.

---

**1**

**TITLE OF THIS WORK ▼**

P90X.com (Website April 30, 2007)

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the
collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

---

**2**

**a**

**NAME OF AUTHOR ▼**

Product Partners, LLC

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a
"work made for hire"?
☑ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶ USA

**WAS THIS AUTHOR'S CONTRIBUTION TO
THE WORK**
Anonymous?  ☐ Yes ☑ No
Pseudonymous?  ☐ Yes ☑ No

If the answer to either
of these questions is
"Yes," see detailed
instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼
text, photographs

**NOTE**

Under the law,
the "author" of
a "work made
for hire" is
generally the
employer, not
the employee
(see instruc-
tions). For any
part of this
work that was
"made for hire"
check "Yes" in
the space
provided, give
the employer
(or other
person for
whom the work
was prepared)
as "Author" of
that part, and
leave the
space for dates
of birth and
death blank.

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a
"work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO
THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No

If the answer to either
of these questions is
"Yes," see detailed
instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**c**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a
"work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO
THE WORK**
Anonymous?  ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No

If the answer to either
of these questions is
"Yes," see detailed
instructions.

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3**

**a**

**YEAR IN WHICH CREATION OF THIS
WORK WAS COMPLETED** This information
must be given
2007    ◄ Year  in all cases.

**b**

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information   Month ▶ April   Day ▶ 30   Year ▶ 2007
ONLY if this work
has been published.    USA    ◄ Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as
the author given in space 2. ▼

Product Partners, LLC
8383 Wilshire Blvd., Suite 1050
Beverly Hills, CA 90211

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in
space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
MAY 0 7 2007
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED

FUNDS RECEIVED   MAY 0 7 2007

See instructions
before completing
this space.

---

**MORE ON BACK ▶**  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of __1__ pages

| EXAMINED BY | ⟨signature⟩ | FORM TX |
| CHECKED BY | | |
| □ CORRESPONDENCE Yes | | FOR COPYRIGHT OFFICE USE ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▶                    **Year of Registration** ▶

**5**

**DERIVATIVE WORK OR COMPILATION**
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

**6 a**

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

**b**

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                                    Account Number ▼

Cozen O'Connor                                            DA93202

**7 a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/Zip ▼

Camille M. Miller, Esquire
Cozen O'Connor
1900 Market Street, Philadelphia, PA  19103

Area code and daytime telephone number ▶ 215-665-7273                          Fax number ▶ 215-701-2273
Email ▶  cmiller@cozen.com

**b**

**CERTIFICATION** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of  Claimant, Product Partners LLC
                          Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Camille M. Miller                                           Date ▶ 5/4/07

Ⓧ Signature (X) ⟨signature⟩

| Certificate will be mailed in window envelope to this address: | Name ▼ Camille M. Miller, Esquire | |
| | Number/Street/Apt ▼ 1900 Market Street, 7th Floor | |
| | City/State/Zip ▼ Philadelphia, PA  19103 | |

**9**

*17 USC §506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

## Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## PA 1-606-153

**Effective date of
registration:**

December 21, 2007

### Title

| | |
|---|---|
| **Title of Work:** | P90X Version 2.3 Informercial |
| **Nature of Work:** | Audiovisual work - Infomercial |

### Completion/ Publication

| | | | |
|---|---|---|---|
| **Year of Completion:** | 2005 | | |
| **Date of 1st Publication:** | March 25, 2005 | **Nation of 1st Publication:** | United States |

### Author

| | |
|---|---|
| **Author:** | Product Partners, LLC |
| **Author Created:** | video production, music and compilation of exercises |
| **Work made for hire:** | Yes |
| **Citizen of:** | United States |
| **Anonymous:** No | **Pseudonymous:** No |

### Copyright claimant

| | |
|---|---|
| **Copyright Claimant:** | Product Partners, LLC |
| | 8383 Wilshire Blvd., Suite 1050, Beverly Hills, CA 90211 |

### Limitation of copyright claim

| | |
|---|---|
| **Material excluded from this claim:** | Based on prior version of infomercial; exercises preexisting |
| **Previously registered:** | No |
| **New material included in claim:** | new and revised video production, music and compilation of exercises |

### Certification

| | |
|---|---|
| **Name:** | Camille M. Miller |
| **Date:** | December 14, 2007 |

| | |
|---|---|
| **Correspondence:** | Yes |

IPN#:

Registration #:    PA0001606153

Service Request #:   1-30019589

Cozen O'Connor
Camille M. Miller, Esq.
1900 Market Street, IP Department
Philadelphia, PA 19103

# EXHIBIT L

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## PA 1-609-963

**Effective date of registration:**

September 25, 2008

### Title
Title of Work: P90X Infomercial Version 3 (2008)

### Completion/ Publication
Year of Completion: 2008

Date of 1st Publication: July 18, 2008     Nation of 1st Publication: United States

### Author
Author: Product Partners, LLC

Author Created: video production, music and compilation of exercises

Work made for hire: Yes

Domiciled in: United States

### Copyright claimant
Copyright Claimant: Product Partners, LLC

8383 Wilshire Blvd., Suite 1050, Beverly Hills, CA, 90211, United States

### Limitation of copyright claim
Material excluded from this claim: music, lyrics, text (screenplay, scripts, other), photographs

New material included in claim: new and revised video production, music and compilation of exercises

### Certification
Name: Camille M. Miller

Date: September 3, 2008

Correspondence: Yes

IPN#:

Registration #:    PA0001609963

Service Request #:   1-91811851

camille m miller
1900 Market Street
IP Department
Philadelphia, PA 19103

# EXHIBIT M

**PayPal**

Log Out | Help | Security Center   Search

| My Account | Send Money | Request Money | Merchant Services | Products & Services | Community |

Overview   Add Funds   Withdraw   History   Resolution Center   Profile

## Transaction Details

eBay Payment Sent (Unique Transaction ID #4V99087288759725V)

Total Amount: -$98.75 USD
Fee amount: $0.00 USD
Net amount: -$98.75 USD
Date: Feb 17, 2010
Time: 22:00:41 PST
Status: Completed

| Item # | Item Title | Qty | Price | Subtotal |
|---|---|---|---|---|
| 180373935945 | P90X EXTREME HOME FITNESS w/ CALENDAR + GUIDES 13 DVDs | 1 | $98.75 USD | $98.75 USD |

Shipping & Handling via Standard Delivery
(includes any seller handling fees): --
Shipping Insurance --
Total: $98.75 USD

Shipping Address: chris johnson
6355 Topanga Canyon Blvd
Ste 115
Woodland Hills, CA 91367
United States
Confirmed

Payment To: Stephanie Johannes   (The recipient of this payment is Verified)
Seller's ID: firefyuniversephoto
Seller's Email: steph@firefyuniverse.com

Funding Type: Instant Transfer
Funding Source: $98.75 USD - wamu Checking (Confirmed) x 2463
Back Up Funding Source: MasterCard Card XXXX-XXXX-XXXX-2017

### Shipment Information

Shipping Status: Shipped
Reference Number: U.S. Postal Service 9101785081401466038035 Learn More

Service Type: Priority Mail® (2-3 days)
Package Size: Package/Thick Envelope
Dimensions: 11 X 10 X 4 in
Mailing Date: Feb 18, 2010
Signature Confirmation: No
Display Postage Value on Label: No
Shipping Insurance: No

Ship From: Stephanie Johannes
9071 W. Swan Cir.
Brentwood, MO 63144
United States

Ship To: chris johnson
6355 Topanga Canyon Blvd
Ste 115
Woodland Hills, CA 91367
United States

| Original Transaction | | | | |
|---|---|---|---|---|
| Date | Type | Status | Details | Amount |
| Feb 17, 2010 | Payment To Stephanie Johannes | Completed | | -$98.75 USD |

| Related Transaction | | | | |
|---|---|---|---|---|
| Date | Type | Status | Details | Amount |
| Feb 17, 2010 | Add Funds from a Bank Account | Completed | Details | $98.75 USD |

Need help? If you have problems with a transaction or would like assistance settling a dispute with your seller,
visit the Resolution Center. PayPal strongly recommends attempting to resolve this issue directly with the
merchant or seller whenever possible.

Description: Stephanie Johannes

Return to My Account

Copyright © 1999-2010 PayPal. All rights reserved.