O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1148 PSG (RZx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | Beachbody, LLC v. Stephanie Johannes | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Granting Plaintiffs' Motion for Default Judgment

   Pending before the Court is Plaintiff Beachbody, LLC's Motion for Default Judgment. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

I.     Background

   On February 4, 2011, Plaintiff Beachbody, LLC ("Beachbody") filed a complaint against Defendant Stephanie Johannes ("Johannes") alleging trademark infringement, copyright infringement, false designation of origin, and trademark dilution under federal law, as well as unfair business practices under California law.  The allegations in the Complaint are based on Defendants' unlawful production and sale of counterfeit fitness DVD's known as P90X Extreme Home Fitness (the "P90X DVDs").  *See Compl.* ¶ 9.

   On February 17, 2010, Beachbody purchased a set of purported P90X DVDs from Johannes from the website www.ebay.com for $98.75.  *See Compl.* ¶ 21, *Chaney Decl.* ¶ 3, Ex. A-B.  When the product arrived, Beachbody inspected it to determine whether it was an authentic copy of the P90X DVDs.  *Compl.* ¶ 22.  The inspection revealed that the P90X DVDs sold to Beachbody by Johannes were counterfeit.  Starting on February 18, 2010, Beachbody sent a series of three cease and desist letters.  *See Chaney Decl.* ¶ 6, Ex. E.  The first two letters were physical letters sent to Johannes adderss, the second of which was returned as "Addressee Unknown." *Chaney Decl.* ¶ 7, Exs. E-F.  The third cease and desist letter was in the form of an e-mail sent on August 4, 2010, which Johannes responded to the same day. *Chaney Decl.* ¶ 8. According to the evidence provided by Beachbody, Johannes sold "no less than" 132 counterfeit

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1148 PSG (RZx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | Beachbody, LLC v. Stephanie Johannes | | |

P90X DVDs between February 4, 2011 and August 17, 2010. *Mot.* 4:12 (*citing Chaney Decl.*, Ex. H). That information, however, is not in the Complaint.

Almost one year after receiving the counterfeit P90X DVDs from Johannes, Beachbody filed this lawsuit. On May 4, 2011, the Clerk of the United States District Court for the Central District of California entered default against Johannes. *See* Dkt. #11. Beachbody then filed the Motion for Default Judgment against Johannes now pending before this Court. In the Motion for Default Judgment, Beachbody seeks $2,150,000.00 in statutory damages, $579.95 in costs, $5,600.00 in attorneys' fees, and an injunction preventing Johannes from taking part in the complained of conduct in the future.

II.     Legal Standard

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 require that applications for default judgment set forth (1) when and against what party default was entered, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented, (4) that the War and National Defense Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply, and (5) that notice of the application has been served on the defaulting party, if required. *See* Fed. R. Civ. P. 55(b)(2); L.R. 55-1.

Ultimately, the choice as to whether a default judgment should be entered is at the sole discretion of the court. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool,* 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id*.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1148 PSG (RZx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | Beachbody, LLC v. Stephanie Johannes | | |

Finally, the Court notes that once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

II.  Discussion

    A.  Requirement for Default

Beachbody has satisfied the procedural requirements for default judgment pursuant to Federal Rule of Civil Procedure 55(a) and Local Rule 55-1. Specifically, Beachbody has set forth that (1) the clerk entered default against Johannes on May 4, 2011; (2) the default is based on Beachbody's Complaint; (3) Johannes is not an infant or incompetent person; (4) Johannes is not in active military service; and (5) Beachbody served Johannes with notice of its application for default judgment. The Court also finds that consideration of the *Eitel* factors weighs in favor of granting Beachbody's motion. *See Eitel*, 782 F.2d at 1471-72.

    B.  Relief

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys.*, 826 F.2d at 917-18. In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. *See* Fed. R. Civ. P. 54(c). If the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Here, Beachbody requests (1) permanent injunctive relief; (2) $2,150,000.00 in statutory damages; (3) $579.95 in costs; and (4) $5,600.00 in attorneys' fees.

        1.  Permanent Injunctive Relief

Beachbody first requests permanent injunctive relief, arguing that, unless enjoined, Beachbody "will continue to suffer harm from the violations committed by" Johannes. The Court GRANTS this request to the extent that injunctive relief remains necessary.

        2.  Statutory Damages

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1148 PSG (RZx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | Beachbody, LLC v. Stephanie Johannes | | |

Second, Beachbody seeks to recover an award of no less than $2,150,000.00 under the Lanham Act and the Copyright Act. *See Mot.* 20:25-27.

First, with respect to the Lanham Act, damage inquiries under Section 1117(c) look to both compensatory (e.g. actual losses and trademark value) and punitive (e.g. deterrence of other infringers and redress of wrongful defense conduct) considerations. *See Sara Lee Corp. v. Bags of New York, Inc.,* 36 F. Supp. 2d 161, 165 (S.D.N.Y. 1999). Section 1117(c) provides, in relevant part:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of (1) not less than $ 1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C § 117(c)(1)-(2). The Lanham Act does not provide guidelines for courts to use in determining an appropriate award. *Louis Vuiton Malletier & Oakley, Inc. v. Veit*, , 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002). Consequently, if a plaintiff elects statutory damages, a court has wide discretion in determining the amount of statutory damages to be awarded. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham*, 259 F.3d 1186, 1194 (9th Cir. 2001). Some courts will consider estimates of actual damages in calculating statutory damages; however, "there is no necessary mathematical relationship between the size of [an award of statutory damages] and the extent or profitability of the defendant's wrongful activities." *Sara Lee Corp.,* 36 F. Supp. 2d at 165 (internal quotations and citations omitted); *see also Herman Miller, Inc. v. Alphaville Design, Inc.,* No. C 08-03437, 2009 WL 3429739, at *9 (N.D. Cal. Oct. 22, 2009).

With respect to the Copyright Act, the amount of statutory damages is to be "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). "If statutory damages are elected, the court has wide discretion in determining the amount of statutory

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1148 PSG (RZx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | Beachbody, LLC v. Stephanie Johannes | | |

damages to be awarded, constrained only by the specified maxima and minima." *Jackson v. Sturkie,* 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003) (internal quotation omitted). Additionally, in a case where the copyright owner sustains the burden of proving that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. 17 U.S.C. § 504(c)(2).

Here, Beachbody requests a statutory damage award of not less than $2,150,000.00. Beachbody bases its request on both the statutory maximum for willful counterfeiting and copyright infringement, and Johannes' revenues from the sales of the counterfeit P90X DVDs. While the Court takes as true Beachbody's well-pleaded allegation that Johannes willfully counterfeited and infringed Beachbody's trademarks and copyrights, the Court does not find Beachbody's request for an award of not less than $2,150,000 reasonable. *See Herman Miller, Inc.*, 2009 WL 3429739, at *9 ("Statutory damages are intended to serve as a deterrent, but that does not justify such a windfall."). Although Beachbody notes that Johannes sold at least 132 purported P90X DVDs, there are no figures actually confirming Johannes' profit. Moreover, the Complaint fails to allege that Johannes actually sold 132 *counterfeit* P90X DVDs, or whether any of the 132 P90X DVDs were sold after Johannes actually received the cease and desist letters. *See Chaney Decl.*, Ex. H (showing the date of online user reviews, not online sales). While a lack of information regarding Johannes' sales and profits does not preclude an award of statutory damages, a reasonable statutory damage award must bear a plausible relationship to the Johannes' profits from infringement. *See Chanel, Inc. v. Doan,* No. C 05-0346, 2007 WL 781976, at *5 (N.D. Cal. May 13, 2007). Without more information, Plaintiff's request of not less than a $2,150,000 statutory damage award is not warranted. Accordingly, the Court finds an award in the amount of $35,000 per "P90X" and "Beachbody" mark willfully infringed and diluted, and $35,000 for willful copyright infringement, totaling $105,000.00, more reasonable. *See Compl.* ¶¶ 15-17 (alleging that Beachbody owns eight trademark registrations and four copyright registrations).

   3. <u>Attorneys' Fees and Costs</u>

Finally, Beachbody requests attorneys' fees and costs in the amount of $6,179.95, comprised of $5,600.00 in attorneys' fees and $579.95 in costs. The Lanham Act allows courts to award reasonable attorneys' fees "in exceptional cases." *See* 15 U.S.C. § 1117(a). A case is "exceptional" under the Lanham Act "when the infringement is malicious, fraudulent, deliberate, or willful." *Rolex Watch, U.S.A., Inc. v. Michel Co.*, 179 F.3d 704, 711 (9th Cir. 1999) (internal

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12
JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-1148 PSG (RZx) | Date | August 12, 2011 |
|---|---|---|---|
| Title | Beachbody, LLC v. Stephanie Johannes | | |

quotation omitted). Furthermore, Section 1117(a) provides that plaintiffs are "entitled, subject to the principles of equity, to recover costs of the action." 15 U.S.C. § 1117(a).

The Court finds Beachbody's request for $579.95 in costs reasonable for this case. Beachbody's request for attorneys' fees pursuant to the schedule in Local Rule 55-3 is also reasonable. According to Local Rule 55-3, Beachbody is entitled to $5,600.00 in attorneys' fees based on the amount of the judgment exclusive of costs. Accordingly, Beachbody is entitled to $6,179.95 in attorneys' fees and costs.

IV.     Conclusion

Based on the foregoing, the Court GRANTS Beachbody's motion for default judgment against Johannes. Beachbody is hereby awarded permanent injunctive relief, $105,000.00 in statutory damages, and $6,179.95 in attorneys' fees and costs.

**IT IS SO ORDERED.**